PETER WILLIAMS *vs.* INHABITANTS OF VINALHAVEN.

Knox.     Opinion April 22, 1924.

*The construction of a State-aid Highway must be authorized by the Highway Commission. Such Commission has no authority to order the selectmen of a town to contract in behalf of the town to do such work. It is optional with towns to appropriate money to improve and maintain State-aid Highways. Ultra vires acts cannot be ratified by a town, nor is a town estopped from denying liability under a contract not within the scope of its powers.*

The Legislature has taken from towns the improvement of all highways within their limits, once they have been designated by the Highway Commission as State-aid Highways, and once improved, also their maintenance, leaving only optional with the towns whether they will appropriate any money for this purpose.

The use of an improved highway of this class, or the implied acceptance of the work of construction by the payment of sums due under the contract, even if the town had authority to enter into such a contract, would not of itself constitute an acceptance of material and labor furnished outside of the contract, and without authority of the town, in the improvement of such a highway.

A town cannot ratify *ultra vires* acts, nor will it be estopped from denying liability on completed contracts outside the scope of its powers, because of any supposed benefits accruing, at least where the alleged benefits are not shown to have resulted from acts of anyone held out by the municipality as authorized to act in its behalf.

On report on an agreed statement. An action of assumpsit to recover $569.20 which plaintiff alleged was due him for extra work done and material furnished on a State-aid Highway in defendant town in connection with an alleged contract with defendant town to construct certain State-aid road in said town, said contract having

been signed by two of the selectmen of the town. Counsel for defendant town contended that the extras sued for were not included in the contract; that the work was not ordered by either the town or the selectmen, but if ordered at all was ordered by an inspector of the State Highway Department, and furthermore that the town was not liable under the contract as it was never authorized by the town. By agreement of the parties the cause was reported to the Law Court on an agreed statement of facts. Plaintiff nonsuit.

The case is stated in the opinion.

*Rodney I. Thompson,* for plaintiff.

*Arthur S. Littlefield,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, DEASY, JJ.

WILSON, J. An action of assumpsit on account annexed to recover of the town of Vinalhaven for materials and labor alleged to have been furnished in addition to that required under an express contract entered into September 18, 1922, by the plaintiff and the selectmen of the town for the construction of a certain piece of highway in said town, and a part of a public way designated by the State Highway Commission as a State-aid Highway.

The case was reported to this court on an agreed statement, from which, though meager in its details and facts stated, it fairly appears, and both sides agree, that the way under construction was what is designated under Chap. 25, R. S., as a State-aid Highway, and had been so classified by the State Highway Commission; that on September 18, 1922, without any vote by the town authorizing it, and, so far as the report shows,—and on this both sides agree,— without any contract between the town and the Highway Commission authorizing the town to construct it, the selectmen entered into a contract in behalf of the town with the plaintiff to construct eight hundred feet of State-aid Highway in said town for the sum of $990.00; that the plaintiff proceeded in the construction of the way and was paid by the town the full amount of the contract price; that in the course of the construction, but at whose request does not appear, the plaintiff claims to have furnished material and labor in addition to that required by the contract and to the amount of $569.20; that following the completion of the work and the final payment on the

contract price the town at a town meeting held December 12, 1922, under an article in the warrant: "To see what action the town will take toward further payment of money to Peter Williams for construction of State Aid Road in year 1922," voted: "To reimburse Peter Williams to the amount of $116.00," which sum was paid to the plaintiff the following day. The plaintiff contends this was paid on account of the extra work, though he has given no credit therefor in his account as sued for; the defendant claims it was voted rather as a gratuity than in recognition of any liability.

The defendant contends that without authority from the Highway Commission in the form of a contract a town has no authority to construct State-aid Highways, and that it could not ratify something it had no authority to do and obligate itself to make further payments.

The plaintiff's contention is not wholly clear, but he appears to claim through his counsel that the Highway Commission, once a town has voted to raise money for State-aid Highways, may order the town to enter into a contract, or contract for it, and bind it through its selectmen. But even so, the report does not show that the selectmen in this case acted by order of the Highway Commission in making the contract.

Assuming an appropriation by the town of Vinalhaven for State-aid work in the year 1922, on which point, however, the report is silent, we do not find in the statutes any basis for this contention. The construction and maintenance of all State Highways and State-aid Highways under Chap. 25, R. S., as amended, is entirely under control and direction of the Highway Commission and the expenses of the construction of State-aid Highways are paid, not by the towns, but by the State out of a joint fund contributed in part by the State and in part by the towns. See Secs. 7, 10, 18, 20, 24, Chap. 25, R. S.

A town has no authority to construct any part of a State-aid Highway as such, except as it contracts so to do with the Highway Commission under Sec. 10 of Chap. 25. Neither has the State Highway Commission any authority to order a town, or its officials, to construct highways of this class within the town, or order, or authorize the selectmen of a town to enter into a contract in behalf of the town for such work. It can only proceed under Section 10.

The general authority and duty of a town to maintain its public ways gives it no authority to construct State-aid Highways; and while the Highway Commission may contract with the town to do such

work, without such a contract, a town, and surely its selectmen in its behalf, cannot enter into a binding contract with an individual to construct highways of this class.

The Legislature has taken from towns the improvement of all highways within their limits, once they have been designated by the Highway Commission as State or State-aid Highways; and once improved, also their maintenance, only leaving optional with the towns whether they will appropriate any money for the improvement of such State-aid Highways within their limits. Once appropriated, however, the money must be paid into the State treasury and be expended by direction of the State Highway Commission, Secs. 7, 10, 18, 24, Chap. 25. Any other proceedings in the improvements of such ways either by the towns or Highway Commission than as provided in the chapter above referred to, are without authority and entail no binding contractual obligations upon either the State or the town.

With respect to the contract entered into with the plaintiff by the selectmen of Vinalhaven, all this is water which has passed, except as it bears upon any alleged ratification by the town. The contract has been completed and the agreed compensation paid in full. We are now only concerned with the alleged extra materials and labor furnished by the plaintiff. No claim is made that they were furnished at the request of the selectmen or of anyone having authority to bind the town. The agreed statement is silent on this point. The only question now is, whether the payment by the town of the sums due under the contract and the use of the way by the public when improved and the action of the town, after it had paid the contract price in full, at a meeting held December 12, 1922, at which it voted to reimburse the plaintiff to the extent of $116.00 in any way rendered the town liable for the extra material and labor sued for in this action.

The use of the improved way by the public or the implied acceptance of the work by the payment of the sums due under the contract, even if the town had the authority to enter into such a contract, would not of itself constitute an acceptance of material or labor furnished outside the contract without the authority of the town. *Boston Electric Co.* v. *Cambridge*, 163 Mass., 64, 68; *Murphy* v. *City of Albina*, 22 Or., 106; 28 Cyc., 1052.

With respect to the vote of December 12, such a vote cannot be held to be a ratification of acts, which, so far as the report shows,

the town never had an authority to perform. A municipality cannot ratify *ultra vires* acts; nor will it be estopped from denying liability on completed contracts outside the scope of its powers because of any supposed benefits accruing, at least, where the alleged benefits are not shown to have resulted from the acts of anyone held out by the municipality as authorized to act in its behalf. 19 R. C. L., 1061, Sec. 350.

According to the stipulations of the parties, the entry must be,

*Plaintiff nonsuit.*